**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESLEY YOUNG, | No. 13-56273 |
| Petitioner - Appellant, | D.C. No. 5:12-cv-00262-JST-MRW |
| v. | |
| DOMINGO URIBE, Jr., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 19, 2015
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Wesley Young appeals a district court order denying his habeas corpus

petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The California Supreme Court's decision to deny Young's ineffective

assistance of counsel claim was not an unreasonable application of clearly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

established law. 28 U.S.C. § 2254(d). To have been entitled to relief under *Strickland v. Washington*, 466 U.S. 668 (1984), Young was required to show "both that his counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). A petitioner attempting to show that his counsel's performance was deficient must overcome "a strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance. *Id*. And to show prejudice, he must demonstrate that "[c]ounsel's errors [were] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The California Supreme Court could reasonably have determined that Young's trial counsel had strategic reasons not to call a gang expert.[1] For example, he may have chosen to focus on issues of substantive liability, such as Young's actions and intent on the night of the shooting, rather than on the sentence enhancement for gang participation. Indeed, the weaknesses in the evidence against Young—including inconsistent witness statements concerning whether he climbed the fence to enter the party, confronted a party attendee, and fired a

---

[1] Where, as here, "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there is no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. It is our task to determine "what arguments or theories . . . could have supported . . . the state court's decision." *Id.* at 102.

2

gun—suggested that these were proper areas on which to focus the defense. Additionally, Young's lawyer may have thought it unwise to draw further attention to Young's potential participation in gang activities, which could have distracted the jury from the central issues of liability and opened the door to further damaging evidence against Young. *Harrington*, 562 U.S. at 108.

The California Supreme Court could also have reasonably determined that there was no prejudice from Young's counsel's decision not to call a gang expert. Young's counsel successfully brought out in trial that Young denied gang membership in a police interview, that he had no gang tattoos, that he had a job, and that he was going to college. Moreover, on cross-examination of the government's expert, he exposed possible gaps in the expert's opinion that certain evidence, such as the jail intake information and jail graffiti, supported a conclusion that Young was a gang member. The state court could properly have concluded that any added benefit from calling a defense gang expert would have been insufficient to alter the outcome of the trial. This conclusion is especially plausible in light of the other evidence against Young, including witness testimony that he had previously carried guns to other parties, that he was known to be a member of the C-9000 Crips, and that he regularly dressed in baby blue—the color of the C-9000 Crips; and the evidence concerning the incident itself, showing that

before the shooting, a group of mostly young men—some in gang colors, and at least one armed—were called to a gas station, where they conspired to go to an out-of-town party and assault an attendee who had previously beaten up Mario Gray, a member of the Hoovers gang. Given these considerations, the California Supreme Court could reasonably have concluded that there was no prejudice from Young's counsel's decision not to call a gang expert. *Harrington*, 562 U.S. at 113.

**AFFIRMED.**